IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANTON KELLEY, as Administrator of the Estate of WILLENE KELLEY, deceased, ) ) ) | |
| Plaintiff, ) | Civ. Action No. 2:06-CV-190-WKW |
| ) ) | |
| v. ) ) ) | (Removed from the Circuit Court of Covington County, Alabama, formerly Civ. Action No. CV-06-21) |
| PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION, ) ) ) | |
| Defendants. ) ) | |

**DEFENDANT LOUISIANA PACIFIC CORPORATION'S PARTIAL
OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff's "Motion to Allow Amended Complaint," filed April 24, 2006, seeks leave to delete Count Ten ("Homicide") as a cause of action. Plaintiff further seeks leave to delete Count Nine ("Spoliation") as a cause of action, but to incorporate certain spoliation allegations into the Complaint's general allegations.

Because Plaintiff's "homicide" claim fails to state a valid claim as a matter of law for the reasons set forth in Defendant Louisiana-Pacific Corporation's ("Louisiana-Pacific's") memorandum of law filed in support of its "Motion to Dismiss," Louisiana-Pacific has no objection to the deletion of Count Ten. Because Count Nine similarly fails as a matter of law for the reasons described in prior briefing, Louisiana-Pacific also has no objection to the deletion of Count Nine.

Louisiana-Pacific *does* object, however, to Plaintiff's request for leave to reassert spoliation claims elsewhere in an Amended Complaint. Louisiana-Pacific states the following grounds for this partial objection to Plaintiff's "Motion to Allow Amended Complaint."

1.

Plaintiff's Complaint asserts that unspecified laws required Louisiana-Pacific to maintain unspecified Facility records for an unspecified period of time. Compl., ¶¶ 151-52, 154-56. Critically, Plaintiff concedes that any possibly-destroyed records are "not necessary for adequate proof of Plaintiff's claim." *Id.* at ¶ 149.[1] Plaintiff further concedes uncertainty about whether any spoliation actually occurred at all. *Id.* (alleging that these unspecified records "*may have been* subject to spoliation or destruction.") (emphasis added).

2.

Under Alabama law, spoliation cannot create a presumption of liability unless the allegedly-destroyed materials are the critical or "key evidence" of Plaintiff's claims. *Vesta Fire Ins. Corp. v. Milam & Co. Constr.*, 901 So. 2d 84, 95 (Ala. 2004) (quoting *Wal-Mart Stores, Inc. v. Goodman*, 789 So. 2d 166, 176 (Ala. 2000)).

3.

Accordingly, Plaintiff cannot create an inference of Louisiana-Pacific's "guilt, culpability or awareness of [its] liability" under Alabama law having already conceded that the allegedly-destroyed documents are not material to Plaintiff's claims. *See*

---

[1] Apparently attempting to correct this plain legal deficiency, Plaintiff's Proposed "First Amended Complaint" reverses course and asserts for first time that the allegedly-destroyed documents are "material." *See* ¶ 109. Plaintiff's "Motion to Allow Amended Complaint" offers no explanation for this pleading inconsistency.

2

Proposed Amended Compl., ¶ 110. Regardless of where Plaintiff wants to assert spoliation allegations, these allegations do not entitle Plaintiff to any presumption of liability as a matter of law.

4.

This Court should therefore deny Plaintiff's request for leave to re-assert spoliation allegations in any amended Complaint.

This 17th day of May, 2006.

/s/ Dennis R. Bailey
Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R

Counsel for Defendant Louisiana-Pacific
  Corporation

OF COUNSEL:

RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

H. Thomas Wells, Jr.

John A. Earnhardt

E. Bryan Nichols

                                            /s/ Dennis R. Bailey
                                            Of Counsel

ATL01/12224329v1