IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **STANTON KELLEY, as Administrator** of the Estate of **WILLENE KELLEY, deceased,** | )<br>)<br>) |
| **Plaintiff,** | ) CASE NO. 2:06-cv-190-WKW |
| vs. | )<br>) |
| **PACTIV CORPORATION and LOUISIANA-PACIFIC CORPORATION,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

**DEFENDANTS' JOINT RESPONSE TO**
**PLAINTIFFS' REPORT TO COURT**

At the May 23, 2006 Scheduling Conference, Plaintiffs' counsel sought leave to take expedited depositions of ten witnesses to preserve their testimony. Plaintiffs filed a list of these ten individuals on May 25. The list included six plaintiffs and four fact witnesses. Pursuant to the Court's May 25 Order, the parties have engaged in ongoing discussions over the past week in an attempt to schedule and set parameters for the depositions.

On June 7, 2006, Defendants provided a revised, detailed proposal to Plaintiffs (attached as Exhibit A) setting forth a framework for the depositions and based on the parties' ongoing discussions. On the same date, Plaintiffs unexpectedly informed the Court that "the parties could not agree" as to timing and asked that the Court establish dates and time limits for the expedited depositions. Defendants, however, continue to believe that the parties can resolve these issues without the Court's assistance and remain willing to work with Plaintiffs' counsel to agree on the process for the expedited depositions.

5128788.1

So the Court does not start from scratch should it become involved in the expedited deposition guidelines, the status of discussions can be quickly summarized. Defendants understood that the parties agreed to the steps for deposing the six named plaintiffs (Exhibit A):

(1) so that Defendants can collect and review the medical records (to the extent possible) per signed authorization, the depositions would begin by July 10 and finish by August 11;

(2) abbreviated discovery depositions (in lieu of paper discovery) would immediately precede each preservation deposition; and

(3) the preservation deposition would be limited to a single day.

It is unclear to Defendants if any of these guidelines are disputed.

Defendants understood that issues remained as to the depositions of the four fact witnesses, at least three of which were long-time facility employees. Defendants' general concerns about the extremely short preparation time for these depositions are already summarized in the Joint Response to Plaintiffs' Proposed Expedited Depositions (June 2, 2006).

To address these concerns, Defendants proposed the following framework for the fact witness depositions (Exhibit A):

(1) the depositions would begin by August 14 and finish by September 22;

(2) each witness preservation deposition would be preceded by an abbreviated discovery deposition;

(3) the preservation depositions for Roberts and Partridge would be completed in a single day, barring extenuating circumstances;

(4) Ezell's discovery and preservation deposition may each take longer than a day, given his almost five decades of involvement with the facility; and

(5) if the deposition of Dukes (who Plaintiffs now advise does not in fact have any significant medical or health issues) occurs, it will be taken for discovery purposes only and not for the purpose of preserving his testimony.

Again, given Plaintiffs' "Report," it is unclear to Defendants which of these provisions is not agreeable.

Accordingly, if the parties are unable to reach an agreement on this matter by the close of business on Monday, June 12, 2006, Defendants respectfully request that the Court (or Magistrate) convene a conference to resolve any remaining disputes.

Respectfully submitted this 8th day of June, 2006.

/s/ John C. Berghoff, Jr.
John C. Berghoff, Jr. (admitted *pro hac vice*)
Mark R. Ter Molen (admitted *pro hac vice*)
Matthew C. Sostrin (admitted *pro hac vice*)

Counsel for Defendant Pactiv Corporation

OF COUNSEL:

MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
jberghoff@mayerbrownrowe.com
mtermolen@mayerbrownrowe.com
msostrin@mayerbrownrowe.com

ADDITIONAL COUNSEL:

H. Thomas Wells, Jr.
Alabama Bar No. WEL004
John A. Earnhardt
Alabama Bar No. EAR006
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203
Tel:  (205) 254-1000
Fax: (205) 254-1999
twells@maynardcooper.com
jearnhardt@maynardcooper.com

/s/ Bernard S. Taylor
Bernard S. Taylor (admitted *pro hac vice*)
Douglas S. Arnold (admitted *pro hac vice*)
Orlyn O. Lockard, III (admitted *pro hac vice*)

Counsel for Defendant Louisiana-Pacific
   Corporation

OF COUNSEL:

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
bernard.taylor@alston.com
doug.arnold@alston.com
skip.lockard@alston.com

ADDITIONAL COUNSEL:

Dennis R. Bailey
ASB No. 4845-I71D
R. Austin Huffaker
ASB NO. 3422-F55R
RUSHTON, STAKELY, JOHNSON, & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, AL 36101
Tel:  (334) 206-3100
Fax:  (334) 262-6277
drb@rsjg.com (Bailey)
rah2@rsjg.com (Huffaker)

Laura Proctor
ASB 1504-R54L
Associate General Counsel
Louisiana-Pacific Corporation
414 Union Street North, Suite 2000
Nashville, Tennessee  37219
Tel: (615) 986-5878
Fax: 1-866-741-5091
laura.proctor@lpcorp.com

5128788.1                                                                  4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2006, I filed the foregoing via the CM/ECF system which will send notice of said filing to the following counsel for Plaintiffs:

W. Eason Mitchell

Gregory A. Cade

Fred R. DeLeon

W. Lee Gresham, III

Robert Leslie Palmer

/s/ Matthew C. Sostrin
Of Counsel

5128788.1                    5