IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

M.C., who sues by and through her Mother and Next of Friend, Gail Tatum,

Plaintiff,

vs. CASE NO.: 2:06cv83-WKW

LOUISIANA-PACIFIC CORPORATION, et al.,

Defendants.

////////////////////////////////////

RICKY PHILLIPS, as Administrator of the Estate of Susan Phillips, deceased,

Plaintiff,

vs. CASE NO.: 2:06cv84-WKW

LOUISIANA-PACIFIC CORPORATION, et al.,

Defendants.

////////////////////////////////////

SARAH K. THOMPSON, as Administratrix of the Estate of Royce Thompson, deceased,

Plaintiff,

vs. CASE NO.: 2:06cv85-WKW

LOUISIANA-PACIFIC CORPORATION, et al.,

Defendants.

EXHIBIT
A

a087b2d7-2b55-45db-b7fd-eb355d7ba5d1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LILLIAN EDWARDS, as Administratrix of the Estate of Marvin Mays, deceased,

Plaintiff,

vs. CASE NO.: 2:06cv86-WKW

LOUISIANA-PACIFIC CORPORATION, et al.,

Defendants.

///////////////////////////////////

JANICE MADDEN, as Administratrix of the Estate of James Madden, deceased,

Plaintiff,

vs. CASE NO.: 2:06cv186-WKW

LOUISIANA-PACIFIC CORPORATION, et al.,

Defendants.

///////////////////////////////////

SHERRI L. DAVIS,

Plaintiff,

vs. CASE NO.: 2:06cv187-WKW

LOUISIANA-PACIFIC CORPORATION, et al.,

Defendants.

a087b2d7-2b55-45db-b7fd-eb355d7ba5d1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS DOUGLAS, as Administrator of the Estate of Sebera Gayle Douglas, deceased,

Plaintiff,

vs. CASE NO.: 2:06cv188-WKW

LOUISIANA-PACIFIC CORPORATION, et al.,

Defendants.

///////////////////////////////////

LORRINE THOMPSON, as Administratrix of the Estate of Jerry Thompson, deceased,

Plaintiff,

vs. CASE NO.: 2:06cv189-WKW

LOUISIANA-PACIFIC CORPORATION, et al.,

Defendants.

///////////////////////////////////

STANTON KELLEY, as Administrator of the Estate of William Kelley, deceased,

Plaintiff,

vs. CASE NO.: 2:06cv190-WKW

LOUISIANA-PACIFIC CORPORATION, et al.,

Defendants.

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

GINGER CRAVEY, as Administratrix of the Estate of Riley Cravey, deceased,

Plaintiff,

vs. CASE NO.: 2:06cv191-WKW

LOUISIANA-PACIFIC CORPORATION, et al.,

Defendants.

* * * * * * * * * * *

STATUS CONFERENCE

* * * * * * * * * * *

BEFORE THE HONORABLE W. KEITH WATKINS, UNITED STATES DISTRICT JUDGE, at Montgomery, Alabama, on Tuesday, May 23, 2006, commencing at 4:02 p.m.

APPEARANCES:

FOR THE PLAINTIFFS:

Mr. Robert Leslie Palmer
Mr. Gregory Andrews Cade
Attorneys at Law
ENVIRONMENTAL LITIGATION GROUP, PC
3529 7th Avenue South
Birmingham, Alabama 35222

Mr. William Eason Mitchell
Attorney at Law
THE COLOM LAW FIRM
P.O. Box 866
Columbus, Mississippi 39703

a087b2d7-2b55-45db-b7fd-eb355d7ba5d1

M.C. v. Louisiana-Pacific Corporation, et al. 2:06cv83-WKW 5/23/2006

Page 5

APPEARANCES, Continued:

FOR THE DEFENDANTS:

Mr. John C. Berghoff, Jr.
Attorney at Law
MAYER, BROWN, ROWE & MAW, LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Mr. H. Thomas Wells, Jr.
Attorney at Law
MAYNARD, COOPER & GALE, PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618

Mr. Bernard Taylor
Mr. Orlyn O. Lockard, III
Mr. Douglas S. Arnold
Attorneys at Law
ALSTON & BIRD, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

Mr. Dennis R. Bailey
Attorney at Law
RUSHTON, STAKELY, JOHNSTON & GARRETT
184 Commerce Street
Montgomery, Alabama 36104

ALSO PRESENT:

Mr. James Faulkner
General Counsel, PACTIV Corporation

Ms. Laura E. Proctor
In-house Counsel
Louisiana-Pacific Corporation

Proceedings reported stenographically;
transcript produced by computer.

* * * * * * * * * * *

RISA L. ENTREKIN, RDR, CRR, Official Court Reporter
U.S. District Court, Middle District of Alabama 334.240.2405

a087b2d7-2b55-45db-b7fd-eb355d7ba5d1

nightmare.

THE COURT: Well, while you're up there, let's move on to the next motion. And you asked for early -- well, early meeting to plan the discovery. And you've alleged in your motion -- you didn't ask to take any depositions to preserve testimony, but you've alleged that parties are passing away. And you've already said today that the plaintiff in case number 83 is now deceased. Would -- I'm assuming that the witnesses -- that the expert witnesses, at least, and the former employees, probably, will all be the same -- who are going to testify on your side of the case will all be the same in all of the cases; is that correct?

MR. MITCHELL: Yes, sir.

THE COURT: So I do intend to consolidate these cases for discovery only, and I'll tell you about that in a minute. But I'm trying to get the timing in my mind. When I enter this ruling on the motions to dismiss and for more definite statement, is that going to clear you up to file the rest of your cases?

MR. MITCHELL: Yes, sir. That clears me up. And Judge, we did -- I asked learned counsel about taking the deposition of Melanie before her death, and the answer was we'll get back to you Wednesday. Thursday morning, we agreed to schedule it, and I found out she had died the night before. Our -- we don't know who's going to die next or which one it's

going to be. I can't tell you that someone -- it happens so fast. I don't know how to deal with it. But we know that there is -- we'd like to depose the sickest people.

THE COURT: How many are you talking about?

MR. MITCHELL: Less than ten. And some of these chemicals also cause cognitive defects and cognitive deficiencies, like an early onset of Alzheimer's and forgetfulness. And some of the ex-employees who are not old enough to have Alzheimer's are showing the symptoms, and we don't know how fast they're going to go downhill. We'd like to get a few of the key witnesses who are starting to show cognitive deficiencies which are consistent with this chemical exposure -- we'd like to get them tied down.

THE COURT: Is that in the ten or is that ten additional or is that --

MR. MITCHELL: I think we can put that in the ten.

THE COURT: So you're representing to the Court that it might be helpful to you to preserve the testimony of ten witnesses.

MR. MITCHELL: Yes, sir.

THE COURT: All right. Let me get some responses from defendant.

Mr. Taylor, would you -- Mr. Berghoff?

MR. TAYLOR: Your Honor, I think --

THE COURT: There's room for both of you.

a087b2d7-2b55-45db-b7fd-eb355d7ba5d1

M.C. v. Louisiana-Pacific Corporation, et al. 2:06cv83-WKW 5/23/2006

Page 33

MR. TAYLOR: -- we'll both walk up together on this. You know, obviously, generally, we want to -- we want to cooperate and we want to help the plaintiffs with this very serious and obviously sensitive issue. Before, however, we would be tasked to go and take these depositions, I think we'd want to do some preliminary work to see maybe some medical work just to see what's really going on there to see if, indeed, the medical evidence supports the fact these folks are imminently about to pass away.

THE COURT: Well, Mr. Taylor, I saw a representation probably in the plaintiffs' brief that there have been a truckload of medical documents already submitted.

I will ask you, Mr. Mitchell, have -- do the defendants have medical records on these ten folks you say you need to depose?

MR. MITCHELL: Some of the -- a few of the people would be the ex-employees, and they would not have medical records on those.

THE COURT: Do you have the records on those?

MR. MITCHELL: I do not. They're -- the ex-employees are not plaintiffs, and these are not injured people. These are witnesses.

THE COURT: How do you propose the defendants get a fair shot of taking someone's deposition where they don't have their medical records or other records available and have not

RISA L. ENTREKIN, RDR, CRR, Official Court Reporter
U.S. District Court, Middle District of Alabama 334.240.2405
a087b2d7-2b55-45db-b7fd-eb355d7ba5d1

had the benefit of interrogatory answers and requests for admissions and so forth?

MR. MITCHELL: First of all, it's just like any other witness. The -- now, on the plaintiffs, we -- either they have the medical records -- I believe they have the medical records on all the plaintiffs. There are five live plaintiffs, and I think you've got -- they've got medical records on all of them. Judge, we'll also agree that if the parties are alive later, they can come back and depose them again. We'd agree to put them up a second time. But just in fairness, people are getting forgetful, and they are unexpectedly coming down, relapsing, and dying.

THE COURT: Okay. Thank you, Mr. Mitchell.

Mr. Taylor, go ahead. Or are you finished?

MR. TAYLOR: I think I'm finished on that point, Your Honor.

THE COURT: Okay. Mr. Berghoff?

MR. BERGHOFF: No, I think we are -- Your Honor, we're in agreement with what Mr. Taylor has said.

THE COURT: All right. So when you talk about background work, besides medical, is there any other?

MR. TAYLOR: Well, not knowing who the plaintiffs are, yes. I would think at this point, based upon the reason that we would be taking the depositions, that it would be primarily medical stuff that we would need to get our arms around first.

a087b2d7-2b55-45db-b7fd-eb355d7ba5d1